FILED 14 JUL '11 12:40 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMES ROBERT WARREN,

                    Plaintiff,              Civil No. 10-842-TC

          v.                                FINDINGS AND
                                            RECOMMENDATION
DON MILLS, et al.,

                    Defendants.

COFFIN, Magistrate Judge.

     Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint pursuant to 42 U.S.C.§ 1983 alleging that several Oregon Department of Corrections employees and the Umatilla County District Attorney violated his rights by failing to assist him when he was attacked by another inmate.

     Defendants have filed an Unenumerated 12(B) Motion to Dismiss (#18) on the ground that plaintiff failed to properly utilize and exhaust his administrative remedies. *See*, <u>Wyatt v.</u>

1 - FINDINGS AND RECOMMENDATION

Terune, 315 F.3d 1108, 1120 (9th Cir. 2003).

> Plaintiff alleges:

> On July 18, 2008 I was attacked by other inmate at
> 12:40 P.M. outside the east chow hall officer Green
> who saw the crime take place, then turn his head
> back and did nothing to help.  Corp. Vermel took
> charge after 20 minutes, Medical was called to help
> Captain Burcham, and Don Mills did nothing to
> follow up the case. (sic)

Complaint (#2) p. 3.

Plaintiff seeks "Pay medical, Dental, Prescription, Mental Health, Attorney Fees, Money Settlement." Id.

42 U.S.C. § 1997(e)(a) requires that inmates exhaust all administrative remedies prior to filing any action challenging prison conditions, including actions under 42 U.S.C. § 1983. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); Porter v. Nussle, 534 U.S. 516, 531-32 (2002); Booth v. Churner, 532 U.S. 731 (2001); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); and McKinney v. Carely, 311 F.3d 1198 (9th Cir. 2002).

A prison's grievance requirements define the boundaries of proper exhaustion. Jones v. Bock, 127 S.Ct. 910, 923 (2007).

The Oregon Department of Corrections' grievance system to address inmate complaints is prescribed in the Oregon Administrative Rules (OAR) Chapter 291, Division 109. The OAR describes a three-step grievance process that must be properly and timely in order for an inmate's grievance to be exhausted.

First, inmates are encouraged to communicate with line staff verbally or in writing as their primary means of resolving disputes.  If this step does not bring resolution, the inmate may file a grievance by using a form CD 117.  An inmate may appeal the grievance response to the functional unit manager. To do this, the inmate must complete a Grievance Appeal form CD-117c and file it with the grievance coordinator within 14 calendar days of transmission of the contested response. Following this first appeal, an inmate may then appeal the decision made by the functional unit manager to the Assistant Director (or his designee).  The Assistant Director's or designee's decision on an inmate's grievance appeal is final and not subject to further review. Declaration of Parklyn Maine (#20) and attachments.

The Declaration of Parklyn Maine establishes that plaintiff did not file any grievances concerning the incident giving rise to his claim in this action. Id., p. 4.

Plaintiff's Brief in Support ("Account of Attack") does not controvert Ms. Maine's Declaration or allege or establish that plaintiff pursued or exhausted the administrative remedies that were available to him through the prison grievance system.

Plaintiff has failed to properly utilize and exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a) and the cases cited above.

Defendants' Motion to Dismiss (#19) should be allowed.

This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 14T day of July, 2011.

_____
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION